**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Jose L. SALAZAR, Defendant—
Appellant.**

**United States of America,
Plaintiff—Appellee,**

**v.**

**Jose Luis Moreno, aka Chompers, aka
Chombi, Defendant—Appellant.**

**Nos. 01–50175, 01–50187.
D.C. Nos. CR–98–01081–SVW,
CR–98–01081–SVW–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2002.*

Decided June 5, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jose Moreno and Jose Salazar appeal their convictions for narcotics trafficking. They conditionally pled guilty to conspiring to possess cocaine and marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We affirm.

### I

■ The district court did not err by refusing to suppress evidence obtained through the wiretap on Moreno's phone.

The affidavit requesting a wiretap provided an extensive, persuasive explanation why alternative investigative tactics were unlikely to succeed. The affidavit explained that attempts to use physical surveillance at the San Carlos, Filmore, and Gridley locations had been thwarted by counter-surveillance techniques and had failed to produce information about the user of telephone # 9 and pager # 4. Agents did not know the identity of the user of target telephone # 9 and pager # 4 prior to the wiretap, so they could not rely on confidential informants or undercover agents, and the affidavit provided detailed explanations regarding the shortcomings of every available informant. While the affidavit relied on evidence obtained from prior wiretaps of other phones, the affidavit tailored its analysis to the need for a wiretap on telephone # 9 and pager # 4, and the affidavit provided specific reasons to suspect the user of telephone # 9 of narcotics trafficking. In light of the specific, tailored discussion of the necessity justifying a wiretap on telephone # 9 and pager # 4, any inclusion of boilerplate language in the affidavit was immaterial. Thus, the affidavit easily met the requirements of 18 U.S.C. § 2518(1)(c), and the wiretap order accorded with *Dalia v. United States,* 441 U.S. 238, 99 S.Ct. 1682, 60 L.Ed.2d 177 (1979), and *United States v. Ippolito,* 774 F.2d 1482 (9th Cir.1985).

### II

■ Nor did the district court err by refusing to suppress evidence obtained from searching the house on Herrick Avenue. Moreno and Salazar do not dispute the district court's factual finding that many of Moreno's conversations overheard by agents discussed narcotics transactions.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Other evidence also supported the search warrant: police surveillance observed suspicious traffic coming and going from the Herrick location, a consensual search of a van with Arizona plates leaving the Herrick house uncovered a smuggling compartment in which a police dog sniffed drugs, traffic leaving the Herrick house engaged in counter-surveillance tactics, the Astro van followed from the house made suspicious rendezvous, and the police concluded that the behavior and traffic patterns indicated the likelihood of narcotics trafficking. Based on the telephone conversations and observed activities of the suspects, the magistrate judge had probable cause to issue the warrants. *See Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).[1]

### III

■ Finally, the district court did not err by refusing to dismiss the indictment due to government misconduct or in failing to do so pursuant to its supervisory powers. Moreno fails to point to any evidence of misconduct that had any impact on his case. While Officer Art Barrera may have submitted a false report and a false declaration about a traffic stop of Sotero Guzman, this isolated instance of alleged misconduct did not materially impact the investigation of Moreno. While the cocaine seized from the VW searched by Barrera was cited in the affidavit seeking a search warrant for the Herrick location, ample evidence supported probable cause even if the seized cocaine is excised from the calculus. The facts do not add up to pervasive, outrageous government misconduct undermining the integrity of the investigation. *See United States v.*

*Barrera–Moreno,* 951 F.2d 1089 (9th Cir. 1991).

■ Salazar argues that the district court erred by not allowing him to cross-examine Barrera and his partner, David Cervantes. The district court held an evidentiary hearing and concluded that none of the investigating officers had knowledge of Barrera's misrepresentations. Because there is no evidence that Barrera's misconduct affected the case against Salazar and because the search warrants were supported by probable cause independent of the seized cocaine, Salazar's concern with cross-examining Barrera and Cervantes is immaterial.

AFFIRMED.

---

1. Salazar has withdrawn his challenges to evidence recovered during his arrest and the Glenoaks search warrant. As he concedes, his conditional plea agreement did not preserve these issues for appeal.